UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-81 (DLF) |
| v. : | 40 U.S.C. § 5104(e)(2)(G) |
| : | |
| Kevin Loftus, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this sentencing memorandum relating to defendant Kevin Loftus' violation of his current term of probation. This Court originally sentenced Loftus to 36 months' probation for his unlawful parading, demonstrating, and picketing inside the U.S. Capitol on January 6 in violation of 18 U.S.C. § 5104(e)(2)(G). The Government requests that the Court sentence Loftus to 6 months' incarceration, the statutory maximum for his offense of conviction.

**I.    Procedural and Factual Background**

On October 19, 2021, Loftus pled guilty to violating 40 U.S.C. § 5104(e)(2)(G) for his actions at the United States Capitol on January 6, 2021. Minute Entry, October 19, 2021. On March 15, 2022, this Court sentenced Loftus to a 36-month term of probation for his actions. ECF No. 34 (Amended Judgment).[1] At the sentencing hearing, the Court admonished, "[]I do hope through his time on probation, which I will impose, that he will take seriously the conditions that I will impose." Sent. Tr. at 44. This Court required compliance with standard

---

[1] For a factual overview of Loftus' actions at the Capitol the government refers to its original sentencing memorandum in this case. *See* ECF No. 29.

conditions of supervision as well as special conditions of supervision, including the condition to "not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer,"[2] "participate in an inpatient and/or outpatient substance abuse treatment program and follow the rules and regulations of that program," and "answer truthfully the questions asked by your probation officer." ECF No. 34 at 3–4.

On December 23, 2023, the Richardson, Texas Police Department arrested Loftus for the offense of Driving While Intoxicated (DWI), a felony in violation of Texas Penal Code § 49.09(b). ECF No. 40. On January 23, 2024, this Court concurred with the Probation Officer's recommendation that to address this violation of his probation conditions, the defendant participate in a new substance abuse treatment program. ECF No. 40. Additionally, this Court "allow[ed] probation to advise of disposition with a recommended course of action." ECF No. 41.

On or about October 26, 2024, Loftus purchased an international plane ticket to Tbilisi, Georgia via Istanbul, Turkey.[3] On October 28, 2024, Loftus checked in for Turkish Airlines flight 192 bound for Istanbul, Turkey from Dallas Fort Worth International Airport (DFW). Gate agents with Turkish Airlines prevented Loftus from boarding after Turkish Airlines identified a "security flag" associated with Loftus. Loftus subsequently departed DFW and returned to his residence in Dallas, Texas. Loftus did not have permission to travel in this manner. The government also had reason to believe that Loftus intended to leave the country and volunteer to act in service of a foreign military. This drew law enforcement's immediate attention.

---

[2] Loftus currently resides in Dallas, Texas, within the Northen District of Texas.
[3] The FBI received records from the Federal Air Marshal Service reflecting Loftus' booked air travel from DFW to Tbilisi International Airport (TBS) departing on October 28, 2024.

Soon thereafter, on or about October 30, 2024, Loftus drove hundreds of miles north, leaving the Northern District of Texas, without seeking or obtaining prior approval. The following day the government informed the Court of Loftus' intent to volunteer to a foreign military by traveling to Tbilisi, Georgia. The Court subsequently signed an arrest warrant and the FBI arrested Loftus in Iowa on October 31, 2024. ECF No. 44.

*Loftus' post-arrest Interview with the FBI*

On October 31, 2024, the FBI completed a custodial interview with Loftus. When asked why he left the Northern District of Texas, Loftus claimed he was going to visit his son in Chippewa Falls, Wisconsin. Loftus expressed frustration with his current probationary sentence and told the FBI, "I'm 56 fucking years old. I have to ask for permission to move on a fucking misdemeanor dude." Int. Tran. at 7, Audio at 3:30. Loftus informed the FBI that his probation officer did not know he was making this trip and acknowledged that he knew he was not supposed to leave, stating, "Yes, I know the rules, [] I couldn't go out of the Northern District of Texas." Int. Tran. at 7-10, Audio at 5:20.

Loftus also admitted that he attempted to leave the United States for Tbilisi, Georgia on October 28, 2024, but was denied boarding at the airport. Loftus said his intent had been to travel to Tbilisi where he could secure a 90-day visa to travel to Russia. Once in Russia, he planned to apply for temporary residency. To make these plans, Loftus communicated with a man via the messaging platform Telegram. Loftus said that once he was physically in Russia, the man would put him in touch with the Russian Territorial Defense Unit, a volunteer corps used by the Russians in the ongoing war in Ukraine. Loftus said he had already sent the man approximately $1200 to purchase equipment for Russian soldiers. Loftus said his intent was to fight for Russia and against Ukraine.

*FBI post-arrest cell phone review*

On October 31, 2024, Loftus authorized the FBI to search his cellular phone. A review of Loftus' cellular phone corroborated his admissions to the FBI. Agents found a Telegram profile associated with a handle "GrishaPutin" and communications between Loftus and Grisha concerning Loftus' efforts to travel to Russia and enlist in the Russian Army. Among several topics discussed between the two, Loftus discussed taking "2 russian language lessons a week" specifically with an "asylum and artillery focus." Grisha provided Loftus in-depth instructions on how to report to Russian authorities and the necessary logistics Loftus should know as a foreigner attempting to join the Russian military. This included a list of items to bring in preparation for entering Russia and volunteering with the Russian military.[4]

*December 9, 2024, Court Hearing*

At a status conference held on December 9, 2024, Loftus acknowledged violating the conditions of his release by leaving his district of residence. Minute Entry, December 9, 2024.

**II.   Argument**

When imposing a sentence on a defendant who has violated conditions of supervised release by committing another crime, a court punishes the individual for his or her breach of trust rather than for the underlying criminal conduct. *See United States v. Hammons*, 558 F.3d 1100, 1104 (9th Cir. 2009). Under 18 U.S.C. § 3565(a)(2), "[i]f the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a) to the extent that they are applicable . . . revoke

---

[4] The government provided a copy of these exchanges to the Court and defense counsel on December 9, 2024.

the sentence of probation and resentence the defendant under subchapter A to a sentence that includes a term of imprisonment." To determine an appropriate sanction, the court is directed to consider numerous factors, including "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct . . . [and] avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(1), (2)(B), (6).

The government submits that the 3553(a) factors warrant a sentence of six months of imprisonment. The government has already discussed the unique nature of Loftus' original offense and incorporates by reference the discussion in its original sentencing memo, ECF No. 29. The nature of Loftus' probation violation is also extremely serious. Loftus' actions were not spontaneous; he planned for weeks to commit this violation knowing he had no authority to leave the Northern District of Texas, let alone the United States. Undeterred when he was caught at an airport, Loftus set out by car the next day to find another means of violating his probation. His intent was not a temporary trip; he intended to permanently relocate to another country. And his planned travel was for the express purpose of joining a foreign army to take up arms against one of this country's allies and in opposition to this country's foreign policy.

Moreover, this was not Loftus' first violation; he has already been caught endangering the public by driving while intoxicated. The Court gave Loftus a second chance after that violation, requiring him merely to attend a substance abuse program. Loftus clearly had no intent to continue attending any such program, as evidenced by his plan to leave the country. To the contrary, despite having been given that second chance, Loftus has only escalated his behavior and showed a complete lack of respect for the Court and the seriousness for his probationary sentence.

When this Court originally sentenced Loftus to probation, despite his role in one of the darkest chapters of this country's history, it imposed conditions designed to help rehabilitate Loftus and protect the community. Loftus' behavior has directly and recklessly contradicted both goals. During his probationary term, he has thumbed his nose at the Court and taken actions that posed a threat to the community and the national interest. He made his intent clear to the FBI on October 31, 2024, and expressed, in no uncertain terms, his disdain and scorn for his probationary sentence. The government submits that a sentence of six months of incarceration is necessary both to deter Loftus from future crimes, and to promote respect for the law.

## IV.    Conclusion

For the reasons set forth above, the government respectfully requests that the Court sentence Loftus to 6 months' incarceration.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    s/ *Eli J. Ross*
Eli J. Ross
Assistant United States Attorney
Illinois Bar Number 6321411
United States Attorney's Office
601 D. Street, N.W.
Washington, D.C.  20001
Telephone: (202) 297-1515
Email: Eli.Ross@usdoj.gov