IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America

      v.                                                    Case No. 1:21-CR-81-DLF

Kevin Loftus

### Defendant's Response to Government's Sentencing Position

Kevin Loftus respectfully responds to the government's memorandum and requests this court sentence him to sixty days of incarceration and terminate his term of probation. Mr. Loftus has been under the court's supervision since his sentencing on March 14, 2022. His original term of supervision is set to end on March 15, 2025. During his probationary period, apart from an arrest for a pending DUI, he has remained of good behavior and otherwise had an unremarkable term of supervision. He has been steadily employed, has paid his financial obligations, and has not otherwise violated the court's trust.

The pending violation—to which Mr. Loftus readily admits—merely asserts that he left his home jurisdiction without permission. Although Mr. Loftus intended to leave the country, he was unable to do so after being denied the ability to board an airplane. That conduct, though relevant, did not rise to the level of a violation because Mr. Loftus was unable to complete his plan. Instead, the pending violation involves Mr. Loftus traveling to drop off items at his son's residence before returning to Texas to fulfill his obligations for his pending DUI charge. Mr. Loftus admitted as much to federal investigators when he was arrested, and his otherwise forthcoming nature demonstrates that the Court need not second-guess whether his statements are true. If Mr. Loftus intended to do anything more than drop off personal belongings at his son's house, he likely would have told the FBI. After all, he told them many details about his plans to travel to Russia—conduct for which he is not charged nor for which the government has alleged he should be charged.

The government incorrectly states that "this was not Loftus's first violation." *See* ECF No. 50 at 5. Although Loftus was arrested for a DUI in Texas, that case has not resolved, and he is not charged with violating the conditions of his supervision for committing a new crime. The Court should not presumptively conclude that Loftus violated the law without being presented with any evidence to support that claim. Because Loftus has not been convicted and the government and probation have not presented any evidence on point, the Court should disregard the DUI charge.

Although Loftus's violation is colored by his intent to go to Russia, the government has not demonstrated why that intent warrants a significant sentence. True, Loftus intended to travel to Russia to obtain a visa and to volunteer in its military, but his goal was not to fight the United States or its officers. Indeed, the United States is not at war with Russia, and Loftus made clear that his goal was not to kill allies of the United States. He repeatedly stated that he "love[d]" his country when interviewed by the FBI. He also readily admitted that his motivation was to help Russian soldiers—not to harm Ukrainian soldiers.

In short, Mr. Loftus committed a technical violation of his supervision near the end of his term of probation. The maximum sentence the court can impose is six months. Given the minor nature of this violation and his otherwise positive performance while on supervision, the court should impose a sentence of sixty days. Because Loftus is near the end of his probation's term, the court should simply terminate his supervision after his release from custody.

Respectfully submitted,

/s/ Benjamin Schiffelbein
625 Indiana Ave NW, Ste 550
Washington, DC 20004
Benjamin_Schiffelbein@fd.org